NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLUB ONE CASINO, INC., a California corporation; CLUB ONE ACQUISITION CORP., a California corporation, Plaintiffs-Appellants, v. DUSTEN PERRY; et al., Defendants-Appellees. | No. 18-17089 D.C. No. 1:17-cv-00818-DAD-SAB MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted November 19, 2020
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and IMMERGUT,** District Judge.

Club One Casino, Inc. and Club One Acquisition Corp. (collectively, "Club One") appeals the district court's dismissal of Club One's Racketeer Influenced

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Karin J. Immergut, United States District Judge for the District of Oregon, sitting by designation.

and Corrupt Organization Act ("RICO") claims without leave to amend. We have jurisdiction under 28 U.S.C. § 1291.

As the facts are known to the parties, we repeat them only as necessary to explain our decision. Reviewing the district court's dismissal de novo, *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018), and its denial of leave to amend for an abuse of discretion, *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011), we affirm.

I.

The district court properly dismissed Club One's RICO claims because Club One failed to allege that its injuries were proximately caused by the alleged RICO violations under 18 U.S.C. § 1964(c).[1]

Club One alleges Dusten Perry, John Cardot, Shawn Sarantos, Louis Sarantos, and Joseph F. Capps (collectively, "Defendants") financed the relocation, expansion, and operation of a new gambling facility, the 500 Club, with funds from unlicensed investors. This scheme, Club One alleges, violated the California Gambling Control Act's requirement that all who loan money to, invest in, or operate a gambling facility be disclosed to and licensed by the State of California ("the State"). These violations form the basis of Club One's RICO claims under 18

---

[1] Proximate cause, an element of civil RICO recovery, is often characterized as a requirement for "RICO standing," or "statutory standing," as suggested by the district court's own terminology and the parties' briefs.

2

U.S.C. §§ 1962(b), (c), and (d).

"When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). To answer this question, we are guided by three practical considerations: (1) "the less direct an injury is, the more difficult it becomes to ascertain the amount of a plaintiff's damages attributable to the [RICO] violation, as distinct from other, independent, factors"; (2) "directly injured victims can generally be counted on to vindicate the law," rendering unnecessary recognition of a cause of action for those only indirectly injured; and (3) allowing recovery by indirectly injured plaintiffs "would force courts to adopt complicated rules apportioning damages among plaintiffs removed at different levels of injury . . . to obviate the risk of multiple recoveries." *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 269–70 (1992). The proximate cause element of civil RICO recovery "has particular resonance when applied to claims brought by economic competitors, which, if left unchecked, could blur the line between RICO and the antitrust laws." *Anza*, 547 U.S. at 460.

Club One alleges the opening and operation of the new 500 Club facility through illegal means conferred an unfair business advantage upon Defendants, and proximately caused Club One, a nearby gambling facility and direct competitor, to lose significant profits and market share. The Supreme Court

considered and rejected a similar theory of proximate cause in *Anza*, foreclosing Club One's contentions here.

As in *Anza*, the relationship between Defendants' alleged unlawful conduct and Club One's alleged injury is too attenuated to support a finding of proximate cause. Club One's lost profits are not directly attributable to Defendants' alleged illegal acts. A host of other market factors, including changes to the local economy, shifting consumer preferences, or the manner in which Club One operated its business, could have caused Club One's losses. *See id.* at 459 ("Businesses lose and gain customers for many reasons, and it would require a complex assessment to establish what portion of [the plaintiff's] lost sales were the product of [its competitor's] decreased prices.").

If Club One's RICO claims were to proceed, a court would have to determine the percentage of Club One's financial losses attributable to Defendants' alleged racketeering activity, as opposed to other market factors. *See id.* at 459–60. The Court expressly rejected this speculative and complicated analysis in *Anza*, holding the proximate cause element is "meant to prevent these types of intricate, uncertain inquiries from overrunning RICO litigation." *Id.* at 460.

"The requirement of a direct causal connection is especially warranted where the immediate victims of an alleged RICO violation can be expected to vindicate the laws by pursuing their own claims." *Id.* Here, the State, not Club

One, is the immediate victim of Defendants' illegal actions and can be expected to vindicate the law. Defendants' alleged misrepresentations were directed at State agencies in an attempt to avoid California's gambling license requirements. Club One even concedes the State has already taken enforcement actions against at least some of the Defendants for their purported violations of the Gambling Control Act based on the same set of facts alleged in its complaint. Thus, "[t]here is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly." *Id.*

Finally, although the risk of multiple recoveries appears low, this is not a prerequisite for concluding that proximate cause is lacking. *See id.* at 459 (acknowledging that there was no appreciable risk of duplicative recoveries); *see also Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008) (perceiving no risk of multiple recoveries but nevertheless holding that the plaintiff could not overcome the RICO proximate causation hurdle).

Accordingly, we affirm the district court's dismissal of Club One's RICO claims for failing to allege proximate cause under 18 U.S.C. § 1964(c).

## II.

The district court did not abuse its discretion in denying Club One leave to amend its RICO claims. "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments

would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). To cure the deficiencies in its Second Amended Complaint, Club One suggests only adding facts related to its local gambling market and the nature of the direct competition between Club One and the 500 Club. Amendment along these lines could not create a more direct relationship between Club One's profit losses and Defendants' alleged predicate acts. As a result, we hold that dismissal with prejudice was appropriate.

**AFFIRMED.**